**In re Roger Francis DURONIO, Petitioner.**

**No. 11–1851.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P.
May 19, 2011.

Filed: July 22, 2011.

---

Roger F. Duronio, Loretto, PA, pro se.

Before: BARRY, FISHER and ROTH, Circuit Judges.

## OPINION

PER CURIAM.

Petitioner Roger Duronio, proceeding pro se, seeks a writ of mandamus compelling the United States District Court for the District of New Jersey to rule on his 28 U.S.C. § 2255 motion.

Duronio filed a 28 U.S.C. § 2255 motion in March 2010. In May 2010, the case was reassigned from Judge Katharine S. Hayden to Judge Jose L. Linares. Thereafter, the United States filed a response to the § 2255 motion, and in September 2010, Duronio replied to the United States' response. In February 2011, Duronio filed a motion to expedite consideration of the action. Then, in April 2011, he filed the current petition for a writ of mandamus.[1]

Mandamus is a drastic remedy that is granted only in extraordinary cases. *In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir.2005). It may be "used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Id.* (internal citation and quotation omitted). To demonstrate that mandamus is appropriate, a petitioner must establish that he or she has "no other adequate means" to obtain the relief requested, and that he or she has a "clear and indisputable" right to issuance of the writ. *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir.1996). Although district courts are generally given discretion to control their dockets, *see In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir.1982), an appellate court may issue a writ of mandamus when an undue delay in adjudication is "tantamount to a failure to exercise jurisdiction," *Madden*, 102 F.3d at 79.

Here, there is no basis for granting the petition for a writ of mandamus, as there has been no undue delay in adjudication of Duronio's § 2255 motion. The district court docket reflects that the matter is progressing in a timely manner, as in April 2011, the district court ordered the United States to file trial transcripts and other documentation relating to the underlying proceeding by June 10, 2011. Therefore, Duronio's petition for a writ of mandamus will be denied.

---

1. The petition for a writ of mandamus was not deemed to be compliant until May 12, 2011, when Duronio paid the required filing fee.